WELLS, J.
Brody Properties, Inc. appeals from an order dismissing its specific performance action to enforce a residential sales contract. Because the parties now agree that this matter should be submitted to arbitration, we reverse and remand for reinstatement of the action and submission of this matter to arbitration.
On February 1, 2005, Brody contracted to purchase the home of decedent, Carl Messer II (Carl II). The sellers were Carl II’s surviving spouse, Barbara, the life estate holder, and Carl II’s sons and heirs, Carl Messer III (Carl III) and Anthony C. Giovanni (Giovanni), and Carl II’s minor granddaughter, Ann Mary Messer (Ann), the remaindermen. Each of the adult sellers executed the sales contract; Ron Now-ka, Ann’s father, signed it on her behalf. The contract includes an arbitration clause in which the parties agreed that “[a]ll controversies, claims and other matters in question arising out of or relating to this transaction or this Contract or its breach will be settled [where mediation fails] ... through neutral binding arbitration.”
On February 17, 2006, Brody brought suit to compel performance of the contract. Ann moved to dismiss the complaint claiming, as pertinent here, that the contract was unenforceable because it was executed by her father and because it had not been approved by the court presiding over an earlier foreclosure action involving this same property. Barbara also sought dismissal on this ground. Carl III and Giovanni moved to compel arbitration. Concluding that the instant specific performance action was ancillary to the foreclosure action in which a guardian ad litem for Ann had been appointed, the action was dismissed:
This specific performance action is ancillary to the appointment of the Guardian Ad Litem in Case # 02-6507 CA 20, and thus Court approval should have been obtained prior to signing a contract to sell the real property.
We find no record support for the conclusion that the instant action for specific performance was ancillary to the earlier mortgage foreclosure action and see no reason why the sales contract may not be approved, if appropriate, by the court in *258 the instant action, especially now that a guardian ad litem has been appointed for Ann in this case.[1] We therefore reverse the order of dismissal and based on the parties’ agreement, articulated at oral argument, to submit the issue of Brody’s entitlement to specific performance to arbitration, we remand for entry of an order compelling arbitration. See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 1209, 163 L.Ed.2d 1038 (2006) (“First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract’s validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts.”); Sphere Drake Ins. Ltd. v. All Am. Ins. Co., 256 F.3d 587, 590-91 (7th Cir.2001) (stating that although a challenge to a contract as a whole is usually subject to arbitration, where the claim is that no contract exists because a signature was forged or “was written on a contract by a faithless agent who lacked authority to make that commitment,” the issue “can’t logically be resolved by the arbitrator (unless the parties agree to arbitrate this issue after the dispute arises)”).
Accordingly, the order of dismissal is reversed and this matter remanded for reinstatement and submission to arbitration.

. On September 13, 2006, the trial court appointed Scott Sheftall, Esq., as guardian ad litem in the instant case. Inexplicably, notwithstanding that appointment, on November 7, 2006, the court dismissed Brody’s specific performance action referring to the non participation of the guardian ad litem from the earlier foreclosure action. Ann's father Now-ka did not appeal the order appointing Shef-tall.